DENNIS, Justice,
concurring.
I respectfully concur. The respondent is amenable to attorney discipline without dispute. I write separately to express my concern for the manner in which the majority has reached the conclusion to disbar Levy.
Levy was convicted in federal court of one count of mail fraud and twenty-five counts of wire fraud. See 18 U.S.C. §§ 1341 and 1343. The sole issue before this court is what sanction should be imposed.
In an attorney disciplinary proceeding based on the lawyer’s criminal conviction, the issue of his guilt may not be relitigated. Because the lawyer’s conviction, whether based on adjudication or guilty plea, is tantamount to a finding of his guilt beyond a reasonable doubt, the clear-and-convincing standard of proof that applies to disciplinary proceedings has already been satisfied. Thus, due process does not require a second opportunity for the lawyer to refute the criminal charges. A criminal conviction, based on either an adjudication or a plea of guilt, is considered to be conclusive proof that the attorney committed the essential elements of the offense. In this type of proceeding the sole issue to be determined is whether the crime warrants discipline and, if so, the extent thereof. A disciplinary proceeding inquires into a lawyer’s fitness to practice, not just into whether the alleged misconduct occurred, and therefore matters relevant to aggravation or mitigation of the sanction to be imposed are relevant. LSBA v. Wilkinson, 562 So.2d 902 (La.1990).
It is clear, therefore, that Levy’s conviction stands as conclusive proof of the essential elements of the crime for which he was convicted, and his guilt or innocence may not be relitigated before this court. La.Sup.Ct.Rule 19, § 19 E. He is therefore properly subject to discipline. See Rules of Prof.Conduct, Rule 8.4. The remaining question in this case is therefore what the appropriate disciplinary sanction would be, whether the crime is of such a nature to warrant discipline because it reflects upon the moral fitness of the individual to practice law. La.Sup.Ct.Rule 19, § 19 E.
To determine what sanction is appropriate, this court considers aggravating and mitigating factors surrounding the conduct. La.Sup.Ct.Rule 19, § 10 C(4). The Disciplinary Board drew almost the entirety of their findings of aggravating circumstances from the allegations contained in the indictment under which Levy was charged in federal court. Such a practice is highly suspect. All of the allegations of the indictment may not have been proved at trial. All allegations in the indictment are not necessary for a conviction, and the indictment is not the best proof of the facts upon which the conviction is based. Rather, the more prudent method of ascertaining the relevant facts and circumstances surrounding the offense would be for disci *1241 plinary counsel to obtain a transcript of the criminal proceedings. Therefore, basing an attorney’s disciplinary sanction on the assumption that all of the details in a verbose indictment were actually proven at trial may be incorrect and very unfair to the lawyer.
As a result, I find realistic quantification of the actual aggravating circumstances to be impossible in the absence of the trial evidence. Therefore, the only course of action available is to impose the minimum sanction allowable for the disciplinary violation. In the present case, however, I am compelled to reach the same conclusion as did the majority, that John Levy’s disciplinary violation warrants disbarment. Levy was convicted of one count of mail fraud and twenty-five counts of wire fraud. See 18 U.S.C. §§ 1341 and 1343. The conviction for these offenses established that Levy devised a scheme with the intent to defraud and on at least 25 occasions transmissions were executed for the purpose of executing such scheme to defraud, all consistent with the essential elements of the offense. Such acts clearly reflect negatively upon Levy’s character for honesty and integrity. Levy introduced very limited relevant mitigating circumstances. Those circumstances alleged do not amount to such a degree that they are persuasive enough to prohibit a finding that he should be disbarred. Disbarment is appropriate whenever a lawyer engages in serious criminal activity involving fraud. See ABA, Standards for Imposing Lawyer Sanctions 5.1, 5.11. As such, I concur in the result achieved by the majority.